UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RYAN PARISH,
JOHN STOVER,
KYLE MARTIN,
CHRISTOPHER OQUENDO,
EDGAR ROBINSON,
*on behalf of themselves and all others
similarly situated,*

        Plaintiffs,

   v.

DUPONT SPECIALTY PRODUCTS,
USA, LLC AND DUPONT DE
NEMOURS, INC.,

        Defendants.
_____

24-CV-1040 (JLS) (MJR)

## DECISION AND ORDER

On September 20, 2024, Plaintiffs Ryan Parish, John Stover, Junius Hodge, Kyle Martin, Christopher Oquendo, and Edgar Robinson commenced a putative class action in Supreme Court, Erie County asserting claims of employment discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"). *See* Dkt. 1 ¶ 1.[1] Defendants removed the action to this Court on October 25, 2024. Dkt. 1. The case has been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 10.

---

[1] Plaintiffs' counsel has filed a suggestion of death upon the record as to Plaintiff Robinson. *See* Dkt. 14.

Before the Court is Defendants' [13] motion to dismiss, which seeks dismissal of the [11] Amended Complaint, which is the operative complaint.[2] Plaintiffs opposed the motion, Dkt. 15, and Defendants replied. Dkt. 16.

On September 30, 2025, Judge Roemer issue a Report and Recommendation ("R&R") recommending that Defendants' motion to dismiss be granted in part and denied in part. Dkt. 19. Specifically, he recommends that:

> [P]laintiffs be permitted to proceed with their (1) NYSHRL claims of disparate impact and disparate treatment with regard to failure to promote and disparate treatment with regard to the terminations of Stover and Robinson; (2) Section 1981 claims with regard to failure to promote; and (3) NYSHRL hostile work environment claims. It is further recommended that the remainder of [P]laintiffs' NYSHRL disparate treatment claims be dismissed, and that [P]laintiffs be limited to asserting claims within the applicable statute of limitations periods under the NYSHRL and Section 1981.

*Id.* at 42.

Plaintiffs objected to the R&R. Dkt. 20. Specifically, they object "to denying Plaintiffs' ability to (i) bring their disparate impact claims under the Continuing Violations Doctrine ("CVD") when pursuing White Recruitment and the Managerial Test issues and (ii) bringing their disparate treatment claims under the CVD when pursuing White Recruitment and the Managerial Test issues." *Id.* at 1. Defendants opposed the objections. Dkt. 22.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court

---

[2] The Amended Compliant names Ryan Parish, John Stover, Kyle Martin, Christopher Oquendo, and Edgar Robinson, on behalf of themselves and all others similarly situated, as Plaintiffs. *See* Dkt. 11. It also adds an employment discrimination claim under 42 U.S.C. § 1981. *See id.*

must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. See *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation.

For the reasons above and in the R&R, Defendants' [13] motion to dismiss is GRANTED in part and DENIED in part as discussed in the R&R. The case is referred back to Judge Roemer in accordance with the [10] referral order.

SO ORDERED.

Dated:     December 5, 2025
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE